UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK J. WINGSTER,<br><br>*Plaintiff,*<br><br>v.<br><br>STACEY ANN LYONS, DANIEL CYR, KATEEMA RIETTLE, JENNIFER YOKLEY, and JESSE NIVOLO,<br><br>*Defendants.* | Civil No. 3:20cv1087 (JBA)<br><br>August 4, 2021 |

**ORDER DENYING DEFENDANT CYR'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Mark Wingster brings this action against Defendants Stacey Ann Lyons, Daniel Cyr, Kateema Riettle, Jennifer Yokley, and Jesse Nivolo claiming use of unreasonable force in violation of the Fourth and Fourteenth Amendments and assault and battery in violation of Connecticut common law. (Compl. [Doc. # 1] ¶¶ 8-9.) Plaintiff served Defendant Cyr at 576 Main Street, Torrington, CT 06790, the location of his employer, the Torrington Police Department, on August 6, 2020. (First Summons [Doc. # 8] at 3; Proof of Service, Ex. 1 to First Summons [Doc. # 8-1] at 3.) On November 12, 2020, Defendant Cyr moved to dismiss the complaint for lack of personal jurisdiction, claiming that service was improper under Federal Rule of Civil Procedure 4(e) since he does not live at the Torrington Police Department. (Def.'s Mem. [Doc. # 26] at 8-9.) While Plaintiff concedes that Defendant Cyr does not live at the address of service, he explains that he served the summons there "in an effort to show appropriate respect for law enforcement officers most of whom prefer not to be bothered at home." (Mem. in Opp. [Doc. # 28] at 1.) Plaintiff also states that he has now served the summons and complaint at Defendant Cyr's residence and thus adequate service has been made. (*Id.* at 1-2; Second Summons, Ex. 1 to Mem. in Opp. [Doc. # 28-1] at 1-2.)

1

"Under Rule 12(b)(5), a party may file a motion to dismiss due to insufficiency of service of process." *Rzayeva v. U.S.*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007) (citing Fed. R. Civ. P. 12(b)(5)). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Id.*

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Rule 4(e)(1) permits service in any manner afforded by the state in which the district court is located or where service is made.[1] Rule 4(e)(2) additionally permits service by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Plaintiff filed his complaint on July 30, 2020 and then attempted to serve Defendant Cyr by leaving a copy of the complaint and summons with his employer on August 6, 2020. Plaintiff's initial service was defective as there is no provision authorizing service by leaving a copy of the complaint and summons at the defendant's place of employment. However, on November 17, 2020, five days after Defendant filed this motion, Plaintiff served Defendant at his residence. While the first service of process was well within the 90-day window, but defective, the second service of process, while proper, comes 110 days

---

[1] Conn. Gen. Stat. § 52-57(b)(7) permits a summons to be served against an employee of a municipality by leaving the summons with the clerk of the town, city, or borough.

after the filing of the complaint. Since proper service was not timely, the Court must determine whether to grant an extension.

"Even in the absence of good cause . . . district courts have discretion to grant extensions of time to effect proper service." *George v. Professional Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citing *Zapata v. City of New York*, 502 F..3d 192, 196 (2d Cir. 2007)). "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure to properly serve." *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2005).

Plaintiff does not explicitly contend that he has a justifiable excuse for his delay, stating only that he served the summons and complaint at Defendant Cyr's work instead of at his home because of his belief that most law enforcement officers "prefer not to be bothered at home." This explanation does not constitute good cause. *See Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003) ("Good cause . . . is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control.") The Court therefore must decide whether it should grant a discretionary extension in the absence of good cause.

Plaintiff alleges that the injuries forming the basis of this action took place on August 6, 2017. (Compl. ¶ 7.) "In Connecticut, Section 1983 claims are subject to a three-year statute of limitations." *Turner v. Boyle*, 116 F. Supp. 3d 58, 83 (D. Conn. 2015) (citing *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994)). Connecticut's statute of limitations for intentional torts states that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Conn. Gen. Stat. § 52-577; *see Alteiri v. Colasso*, 168 Conn. 329, 331-333 (1975) (holding that Conn. Gen. Stat. § 52-577 applies to assault and battery). Since all of Plaintiff's claims are subject to a three-year

statute of limitations and more than three years elapsed before adequate service was made, even dismissal of the Complaint for improper service without prejudice would still leave Plaintiff with time-barred claims. Thus the prejudice to Plaintiff would be great if the Court declined to grant an extension. Further, Defendant had timely actual notice of the suit, as evidenced by his 12(b)(5) motion, after which Plaintiff very promptly cured the error. Moreover, Defendant Cyr had requested a thirty-day extension to file his responsive pleading, which was his 12(b)(5) motion. Had he filed his motion timely, without extension, Plaintiff would have had the opportunity to cure the deficiency in service within the ninety-day window.

Since the prejudice to Defendant Cyr of granting extension for service is minimal and the consequence to Plaintiff if extension is denied is substantial, the Court exercises its discretion to extend the deadline for service of process to November 17, 2020, the date on which the second summons was served. Defendant's Motion to Dismiss pursuant to Rule 12(b)(5) [Doc. # 26] is therefore DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of August 2021.