UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK J. WINGSTER, *Plaintiff*, v. STACEY ANN LYONS, DANIEL V. CYR, & KATEEMA RIETTLE, *Defendants*. | Civil No. 3:20cv1087 (JBA) <br><br> May 30, 2023 |

**RULING ON MOTION TO COMPEL DEPOSITION OF ARIANA RODRIGUEZ**

Defendant Daniel Cyr moves to compel the deposition of fact witness Ariana Rodriguez, and to preclude Plaintiff from offering any testimony from Ms. Rodriguez at trial because he "has prevented the Defendant from obtaining her deposition in this matter.". (Def.'s Mot. to Compel [Doc. # 92] at 1, Def.'s Mot. in Limine to Preclude Testimony [Doc. # 97] at 1.) In a four-sentence response memorandum [Doc. # 93], Plaintiff opposes the deposition as untimely because Defendant Cyr did not move to compel the deposition during the discovery period or move for an extension.

For the reasons set forth below, Defendant's motion to compel is GRANTED.

I. Background

Defendant Cyr represents that Ariana Rodriguez was in Plaintiff Mark Wingster's vehicle during the incident that took place between Plaintiff and Defendants on August 6, 2018. (Mot. to Compel at 1.) Plaintiff disclosed Ms. Rodriguez as a potential trial witness in the Joint Trial Memorandum as a witness expected to testify "about her observations at the scene of the beating inflicted upon her husband and his consequential damages." (*Id.*) The Joint Trial Memorandum lists the address for both Plaintiff and Ms. Rodriguez as 114

1

Mittams Point in Jacksonville, North Carolina, and identifies Ms. Rodriguez as Plaintiff's wife. (Joint Trial Memorandum [Doc. # 99] at 2.)

The initial discovery deadline in this case was set for September 30, 2022. On September 1, 2022, Defendant Cyr's counsel reached out to set a date that was agreeable to counsel for Ms. Rodriguez's deposition; Plaintiff's counsel initially responded that he was booked during the proposed last week of September, and eight days later after two follow-ups from Defendant Cyr's counsel, responded that "I take no position on her deposition. Serve her with a subpoena for a date that works for you." (*Id.* at 1.) Defendants' counsel collectively chose September 30, 2022, at 1:00pm to conduct the remote deposition. (*Id.* at 1-2.)

A subpoena was issued on September 13, 2022, to Ms. Rodriguez's last known address of 114 Mittams Point in Jacksonville, North Carolina; however, multiple process servers in North Carolina were unable to effectuate service, and so all counsel (including Plaintiff's counsel) agreed on September 30, 2022 to issue a revised subpoena for October 21, 2022. Once again, multiple process servers were unable to serve Ms. Rodriguez by the deposition date; service was eventually completed on October 28, 2022, after the subpoena expired, but Ms. Rodriguez did not contact Defendant Cyr's counsel during this time period despite instructions to do so on the expired subpoena. (*Id.* at 2.) On March 24, 2023, Defendant Cyr's counsel again issued a subpoena to take the remote deposition of Ms. Rodriguez, this time on May 1, 2023; all counsel received notice, and none objected. (*Id.* at 2-3.) Service was completed on April 26, 2023; Ms. Rodriguez called Defendant Cyr's counsel on April 28, 2023, to inform him that she could not attend the deposition on May 1, 2023, but agreed to complete her deposition before the end of May, and informed him that she intended to speak with Plaintiff's counsel to select a date that worked for him as well. (*Id.* at 3.)

Ms. Rodriguez never made further contact with Defendant Cyr's counsel, nor did Plaintiff's counsel voice a preference for a specific deposition date, and so Defendant's counsel issued a subpoena to remotely depose Ms. Rodriguez on Wednesday, May 24, 2023 at 2:00pm. Plaintiff's counsel indicated at a status conference with Judge Vatti on May 10, 2023 that Plaintiff now objects to the deposition on timeliness grounds. (*Id.* at 1.)

## II. Legal Standard

Under Fed. R. Civ. P. 37, "a party may move for an order compelling . . . discovery," including a deposition, if the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The deadline for serving a motion to compel is "prescribed by Rule 16, which requires the district court to establish a scheduling order limiting the time to file motions and complete discovery." *Casagrande v. Norm Bloom & Son, LLC*, No. 3:11-CV-1918 CSH, 2014 WL 5817562, at *2 (D. Conn. Nov. 10, 2014). "A schedule may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4), and if a party files "a motion to compel after discovery has closed, that party must establish good cause for the late filing." *Casagrande,* 2014 WL 5817562 at *2.

To satisfy the good cause standard, "the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met," *Sokol Holdings, Inc. v. BMD Munai, Inc.*, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009); *see also Baburam v. Fed. Express Corp.*, 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (characterizing the standard as requiring the moving party to show "that it was impossible to complete the discovery by the established deadline.") While diligence is the primary consideration, other factors that courts may consider are "(1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the nonmoving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether

further discovery is likely to lead to relevant evidence." *Jeannite v. City of New York Dep't of Bldgs.*, No. 09 cv 3464(DAB)(KNF), 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010).

### III. Analysis

Defendant Cyr has been consistently attempting to serve and depose Ms. Rodriguez since September 2022 and issued a subpoena before the end of discovery. It is true generally that parties who are unable to obtain discovery to which they are entitled should file a motion to compel during the discovery period, rather than after it has closed. *See McKay v. Triborough Bridge & Tunnel Auth.*, 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007). However, it appears in this instance that a motion to compel was not sought based on Defendant Cyr's counsel's good faith belief that there was no objection to extending the deadline for completing this single deposition given the unusual difficulty in serving Ms. Rodriguez, and that Ms. Rodriguez's deposition could still be taken by consent of all parties without need of the Court's intervention. *See Gordon v. Parole Officer Semrug,* No. 14-CV-324S(F), 2016 WL 259578, at *2 (W.D.N.Y. Jan. 21, 2016) (finding good cause to amend the scheduling order where defendants had diligently attempted to take the plaintiff's deposition but had been stymied by the plaintiff's "failure to cooperate in completing his deposition.")

Plaintiff's counsel offers no explanation or argument whatsoever as to why Defendant Cyr's counsel's efforts to secure Ms. Rodriguez's deposition to date do not satisfy the good cause standard. Because Defendant's counsel has demonstrated that he was diligent in continuing to seek Ms. Rodriguez's deposition and to keep counsel apprised of his efforts, Defendant Cyr has distinguished himself from litigants who seek to compel depositions or discovery after the deadline without explanation for the delay or any showing of efforts to obtain the discovery prior to the deadline. *Compare Agapito v. AHDS Bagel, LLC,* No. 16-CV-8170 (JPO), 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018) (denying a motion to compel as untimely where the moving party did not offer "any explanation" of why they were

4

untimely in moving to compel) *with Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07 CIV.8171(CM)(JCF), 2008 WL 4580024, at *2 (S.D.N.Y. Oct. 14, 2008), *as corrected* (Oct. 15, 2008) (holding that "repeated attempts" to schedule a deposition were sufficient to show diligence warranting relief even when counsel "made no effort to recruit the Court's assistance until after the discovery deadline had passed.") The issuance of four subpoenas and the failed attempts of multiple process servers to reach Ms. Rodriguez despite her residence at Plaintiff's home is sufficient to show that the deadline for taking Ms. Rodriguez's deposition could not "reasonably be met despite the diligence" of Defendant's counsel seeking to meet it, and the Court excuses the motion's untimeliness. *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007); *compare with Playboy Enterprises Int'l Inc. v. On Line Ent., Inc.*, No. 00-CIV-6618 (RJD), 2003 WL 1567120, at *1 (E.D.N.Y. Mar. 13, 2003) (quashing subpoenas issued "months after discovery closed, little more than a month before trial, upon a non-party from whom discovery was never before sought" when that information could have been obtained "during the discovery period.")

Defendant Cyr's diligence alone is enough to warrant granting his motion, but the Court also notes that none of the remaining factors weigh strongly in Plaintiff's favor. Neither side disputes that the testimony is highly relevant to the issues in the case, and although the motion is disputed, the Court notes that Plaintiff's counsel did not object to the issuance of the subpoena on March 24, 2023, for a deposition to take place on May 1, 2023, suggesting that Plaintiff has been of the view up until now that the deposition will not cause him prejudice. Plaintiff makes no attempt in his memorandum to explain how the deposition would not have prejudiced him on May 1, but will prejudice him now, nor does he explain why he is only now choosing to raise an objection. While the timeline is short given trial's scheduled start on June 26, 2023, Defendant represents that there is still "adequate time to

complete Ms. Rodriguez'[s] deposition without prejudice to any of the parties," particularly given that only a remote deposition is sought. (Def.'s Mot. at 3.)

Defendant Cyr's motion is GRANTED; the deposition shall take place on a date of Defendant Cyr's choosing. Defendant Cyr's motion to preclude the introduction of Ms. Rodriguez's testimony by Plaintiff at trial remains under advisement in case any further difficulties in deposition scheduling arise.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of May, 2023