```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


-------------------------------- x
MARK J. WINGSTER,                :
                                 :
          Plaintiff,             :
                                 :
                                 :
                                 :
v.                               :  Civil No. 3:20-cv-1087(AWT)
                                 :
STACEY ANN LYONS, DANIEL V. CYR, :
AND KATEEMA RIETTIE,             :
                                 :
          Defendants.            :
-------------------------------- x
```

**Finding Re Under Color of State Law**

Plaintiff Mark Wingster went to trial on, inter alia, a claim for excessive force brought pursuant to 42 U.S.C. § 1983 against defendant Daniel Cyr. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004) (quoting West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988)). Buon v. Spindler, 65 F.4th 64, 78 (2d Cir. 2023).

"[T]he ultimate resolution of whether an actor was functioning under color of law is a question of law for the court." Rivoli v. Gannett, Co., Inc., 327 F. Supp. 2d 233, 239

(2004) (citation and internal quotation marks omitted). See also Vega v. Fox, 457 F. Supp. 2d. 172 (2006) ("The ultimate resolution of whether an actor was functioning under color of law or as a state actor is a question of law for the court."); Miron v. Town of Stratford, 976 F. Supp. 2d 120, 136 (2013) ("Courts in this Circuit have held that the ultimate resolution of whether a defendant acted under color of state law is a question of law for the court." (citing cases)).

    The jury returned a verdict in favor of the plaintiff on his § 1983 excessive force claim against defendant Cyr. The verdict form in this case identified three phases of the incident. The first two phases occurred before Bridgeport police officers Stacey Lyons and Kateema Riettie reached Daniel Cyr and Mark Wingster. The third phase occurred after the Bridgeport police officers reached them. The verdict form included two special interrogatories related to the question of whether Cyr was acting under color of state law. The jury found that the plaintiff had not proven the § 1983 excessive force claim with respect to the period before the Bridgeport police officers arrived on the scene, but it found that the plaintiff had proven that claim with respect to the period after the Bridgeport police officers arrived on the scene. Consequently, the court must make a determination as to whether defendant Cyr acted

under color of state law during the period after the Bridgeport police officers arrived on the scene.

"Courts have had frequent occasion to interpret the term 'color of law' for the purposes of section 1983 actions, and it is by now axiomatic that 'under "color" of law means under "pretense" of law' and that 'acts of officers in the ambit of their personal pursuits are plainly excluded.' Screws v. United States, 325 U.S. 91, 111, 65 S. Ct. 1031, 1040, 89 L. Ed. 1495 (1945)." Pitchell v. Callan, 13 F.3d 545, 547–48 (2d Cir. 1994). "However, while it is clear that 'personal pursuits' of police officers do not give rise to section 1983 liability, there is no bright line test for distinguishing 'personal pursuits' from activities taken under color of law." Id. at 548.

In Pitchell, the court went on to explain:

> More is required than a simple determination as to whether an officer was on or off duty when the challenged incident occurred. See Rivera v. La Porte, 896 F.2d 691, 695–96 (2d Cir. 1990). For example, liability may be found where a police officer, albeit off-duty, nonetheless invokes the real or apparent power of the police department. See id.; United States v. Tarpley, 945 F.2d 806, 809 (5th Cir. 1991), cert. denied, 504 U.S. 917, 112 S. Ct. 1960, 118 L.Ed.2d 562 (1992); Traver v. Meshriy, 627 F.2d 934, 937–38 (9th Cir. 1980). Liability also may exist where off-duty police officers perform duties prescribed generally for police officers. See Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975). In short, courts look to the nature of the officer's act, not simply his duty status. See Revene v.

3

Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). Pitchell v. Callan, 13 F.3d at 548.

At issue in Monsky v. Moraghan, 127 F.3d 243 (1997), was whether the plaintiff had alleged facts that could establish that a state judicial officer had acted under color of state law. The court concluded that it was very significant that the defendant "was enabled to take the alleged actions only because of his judicial status." Id. at 246.

Here, the preponderance of the evidence shows that defendant Cyr was acting under color of state law at the time he committed acts the plaintiff highlighted for the jury in terms of the use of excessive force. At the time, he was performing a duty prescribed generally for police officers, i.e. detaining a suspect. In addition, the other three law enforcement officers allowed and/or enabled defendant Cyr to interact with the plaintiff as he did because they treated him as entitled to act as a police officer. Thus, Cyr's ability to commit those acts was made possible because he was "clothed with the authority of state law". Id. at 245.

State Environmental Conservation Police Officer Jesse Nivolo testified that when he arrived on the scene, what he saw was the plaintiff resisting a uniformed police officer and a

4

plain-clothes officer who were trying to control the plaintiff. He was asked:

> Q. Okay. And is it correct that you presumed that the uniformed white male, Mr. Cyr, was acting within his police authority?
>
> A. Yes, ma'am.

8/1/24 Tr., Testimony of Jesse Nivolo (ECF No. 185), 50:15-18. Officer Nivolo was also asked the following questions and gave the following answers:

> Q. And was that because you saw Mr. Cyr, or Officer Cyr, as a police officer exercising his police authority at that time?
>
> A. Yes.
>
> Q. Okay. You expected that Mr. Wingster would obey whatever commands or directions from Officer Cyr because you saw Officer Cyr, a uniformed police officer, with authority that he could exercise over Mr. Wingster?
>
> A. Yes.

Id. 53: 5-13.

Because defendant Cyr was perceived as a police officer exercising his authority, the other three law enforcement officers on the scene (Jesse Novolo, Stacey Lyons, and Kateema Riettie) left the plaintiff in the custody and under the sole control of defendant Cyr for a period—albeit a brief period—when they left to address another situation. At this time, at least Jesse Novolo knew that defendant Cyr was armed. While the

5

period was brief, it was during this period that Cyr committed acts the plaintiff highlighted for the jury as the use of excessive force by defendant Cyr.

In addition, at a point subsequent to the event just discussed, Lyons, Riettie, Novolo and Cyr were all attempting to control the plaintiff and handcuff him. It is undisputed that at one point Riettie tapped Cyr on his shoulder. Lyons testified:

> Q. (By Mr. Bohannon, Jr.) Did you see what Detective Riettie did there?
>
> A. Yes.
>
> Q. What did she do?
>
> A. She tapped Officer Cyr on his shoulder.
>
> Q. Why?
>
> A. It's a common technique for police officers to do to say I got this or back off or stop what you're doing for various different situations.

8/1/24 Tr., Testimony of Stacey Ann Lyons (ECF No. 186), 54-55:20-3.

The fact that Cyr was off duty, arrived at this scene in his personal vehicle, was out of his jurisdiction with no authority to arrest the plaintiff and in fact never attempted to arrest the plaintiff does not outweigh controlling weight that should be placed on the facts discussed above.

It is so ordered.

6

Dated this 13th day of August 2024, at Hartford, Connecticut.

                                              /s/AWT
                                   Alvin W. Thompson
                           United States District Judge